UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MATTHEW CEBALLO,

    Plaintiff,

v.                                    Case No. 0:17-cv-62110-RNS

ALLIED INTERSTATE, LLC,

    Defendant.
_____/

## DEFENDANT ALLIED INTERSTATE LLC'S MOTION TO DISMISS CLASS ACTION COMPLAINT AND MOTION TO STRIKE

Defendant Allied Interstate LLC i/s/h/a "Allied Interstate, LLC" ("**Allied**") moves to (i) dismiss with prejudice the Class Action Complaint Seeking Injunctive Relief and Statutory Damages (Dkt. 11) (the "**Class Action Complaint**") filed by Plaintiff Matthew Ceballo (the "**Plaintiff**") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, (ii) in the alternative, to dismiss the Class Action Complaint pursuant to Rules 12(b)(1) and to compel arbitration, and (iii) pursuant to Rule 12(f) to strike the jury demand and class action request. In support of the requested relief, Allied states:

**I.**     **Summary**

Plaintiff contracted with nonparty Public Storage for the rental of storage space and then failed to pay for it. After Public Storage referred the account to Allied for collection, Plaintiff sued under the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") claiming that a letter sent by Allied did not provide the name of the creditor as required by 15 U.S.C. § 1692g. But the letter sent by Allied states, in the very first sentence, that "[w]e are a debt collection company and Public Storage has contracted with us to collect

the debt noted above." (Class Action Compl., Ex. A). Accordingly, Plaintiff's claim is frivolous, and this Court should dismiss this case in its entirety.

In the alternative, Allied moves to dismiss under Rule 12(b)(1) and to compel arbitration based on the Rental Agreement between Plaintiff with Public Storage that includes a mandatory arbitration clause and a class action wavier. Plaintiff must rely upon the Rental Agreement to establish a "consumer debt" under his FDCPA claim, and the Rental Agreement requires resolution through binding arbitration. Accordingly, the Court should dismiss the Class Action Complaint with prejudice, or, in the alternative, compel arbitration and strike the jury demand and class action request.

## II.    Facts And Procedural History

Plaintiff Matthew Ceballo signed a contract with Public Storage on June 10, 2017 for the rental of a storage space located in Miami, Florida (the **"Agreement"**) attached hereto as **Exhibit 1**, p. 1. The Agreement was signed by Plaintiff and by an agent of Public Storage. *Id.*, p. 5. The Agreement provides that Plaintiff would make payments by the first of each month (*id.*, ¶ 2.1.1) and that Plaintiff would be in default should any payments be missed (*id.*, ¶ 11.2). Plaintiff agreed to "arbitrate any and all disputes or claims in any way relating to the relationship between" Public Storage and Plaintiff. (*Id.*, ¶ 18.2). Finally, Plaintiff waived both the right to a jury trial and the right to serve as a class representative in a purported class action. (*Id.*, ¶ 18.5).

Plaintiff failed to pay for the storage space, and on July 20, 2017, Public Storage wrote to Plaintiff demanding payment. (*See* Dkt. 1, ¶¶ 25-27). The account then was referred to defendant Allied. (*Id.* ¶ 26). On September 8, 2017, Allied sent Plaintiff an initial letter. (*See* Dkt. 1, Ex. A; *see also* Class Action Compl. ¶ 16).

Plaintiff originally sued Allied under the theory that the information in the July 20 letter from the creditor, Public Storage, was different from the information set forth in Allied's initial communication of September 8. (*See* Dkt. 1, ¶¶ 25-27, 43, 47). On December 7, 2017, Allied filed a Motion to Dismiss under Rule 12(b)(6). (Dkt. 10).

Instead of responding to the Motion to Dismiss, Plaintiff filed the Class Action Complaint. The Class Action Complaint abandons the claim that the amount charged by Allied was incorrect and instead contends that Allied failed to clearly identify the creditor to whom the debt was owed. (Class Action Compl. ¶¶ 18, 31-32). However, Plaintiff admitted in the original Complaint that he knew that Allied's initial communication was related to a consumer debt involving Public Storage. (*See* Dkt. 1, at ¶¶ 21, 25-27, 58) ("[T]he Consumer Debt represents an allegedly outstanding amount Plaintiff owed the original creditor, Public Storage, . . . On July 20, 2017, Plaintiff received a letter from Public Storage stating that the amount due by Plaintiff was allegedly $136.8" and ". . . [Allied] began attempting [sic] collect the Consumer Debts from Plaintiff.").

Notwithstanding Plaintiff's attempt to reconfigure his claim, the new allegations do not state a FDCPA claim as a matter of law. The Class Action Complaint harps on a single debt validation letter sent on September 8, 2017 ("**Collection Letter**") which states in the subject line:

> Re:   Public Storage:        Account No. **********364
>
> Amount Owed:        $206.76
>
> Reference No.:         551098607751

Additionally, the first sentence in the Collection Letter unambiguously states "[w]e are a debt collection company and Public Storage has contracted with us to collect the debt noted

above." (Dkt. 11, Ex. A). Because the Collection Letter clearly provides the name of the creditor (Public Storage), even under the least sophisticated standard, the Class Action Complaint must be dismissed with prejudice.

### III.     Legal Standard

####     A.     Rule 12(b)(6).

A motion to dismiss pursuant to Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted if all facts in the complaint are accepted as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," but must allege more than conclusions or "a formulaic recitation of the elements of the cause of action[.]" FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a pleading must also contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "plausibility" standard asks for more than sheer possibility that the defendant acted unlawfully, and cannot rely upon "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.*

To survive a motion to dismiss, a complaint must contain material supporting each material element "necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001). "Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Schwab v. Huntington Nat. Bank*, No. 2:12-CV-315-FTM-99, 2013 WL 655248, at *1 (M.D.

Fla. Feb. 22, 2013) (citing *Brown v. Crawford Cnty.,* 960 F.2d 1002, 1009–10 (11th Cir. 1992)).

Lastly, a court may also consult documents that are attached to the motion to dismiss under the "incorporation by reference' doctrine" such that an attached document to a motion to dismiss may be considered without converting the motion into a motion for summary judgment if the document is central to the plaintiffs claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted).

### B.     Rule 12(b)(1) and Motion to Compel Arbitration.

"The Eleventh Circuit treats a motion to compel arbitration as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Tracfone Wireless, Inc. v. Simply Wireless, Inc.*, 229 F. Supp. 3d 1284, 1292 (S.D. Fla. 2017). "A dispute ordinarily is arbitrable if the parties have agreed to arbitrate it." *Triple I: ??Intern. Inv., Inc. v. Fielding*, 290 F. App'x 229, 231 (11th Cir. 2008). "Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause.  Whether a party has agreed to arbitrate an issue is a matter of contract interpretation: '[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' The canons of construction run in favor of arbitration." *Id.* (internal citations omitted).

### IV.    Argument

#### A.     Because The Collection Letter On Its Face Identifies Public Storage As The Creditor, Plaintiff's Class Action Complaint Must be Dismissed With Prejudice Under Rule 12(b)(6).

To assert an FDCPA claim, Plaintiff must allege that (1) he has been the object of collection activity arising from consumer debt; (2) defendant Allied is a debt collector as

defined by the FDCPA; and (3) Allied has engaged in an act or omission prohibited by the FDCPA.  *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010).  The Class Action Complaint asserts claims under the FDCPA prohibiting a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" regarding the initial communication including the debt collector's obligation to "name of the creditor to whom the debt is owed."  15 U.S.C.A. § 1692(e) & 1692g(a)(2); *see* (Class Action Compl., at ¶¶ 31-32).

The Eleventh Circuit applies the least-sophisticated consumer standard to ascertain whether a violation of the FDCPA has occurred.  *See LeBlanc*, 601 F.3d at 1193-94 ("The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.  However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.").  For purposes of analyzing whether a debt collector made use of false, deceptive, or misleading representations with the collection of a debt, the Eleventh Circuit employs a two-part test: first, the court "assume[s] arguendo, without deciding, that the least sophisticated consumer might be deterred from pursing his or her rights to dispute the debt" by the debt collector's representation; and second, the court asks whether or not "the same implication" would arise without the allegedly deceptive representation.  *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014); *see also LeBlanc*, 601 F.3d at 1194 ("However the test has an objective component in that '[w]hile protecting naive consumers, the standard also prevents liability for bizarre or

idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness . . . .").

Plaintiff's Class Action Complaint fails to allege any facts establishing that the Collection Letter is deceptive, false, or misleading. To the contrary, on the face of the letter Public Storage is identified – twice – and therefore the conclusory allegation that Allied failed to identify the creditor should be disregarded. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) ("when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern").

Indeed, the Eleventh Circuit has dismissed claims where the least sophisticated consumer would not be misled as to the identity of the creditor. For example, in *Leonard v. Zwicker & Assocs., P.C.*, No. 17-10174, -- F. App'x. --, 2017 WL 4979160, at *4 (11th Cir. Nov. 1, 2017), the Eleventh Circuit recently affirmed the dismissal of a claim under §1692g based on the argument that the legal name of the creditor must be provided. Plaintiff had argued that simply stating "American Express" instead of the full legal name of the American Express entity issuing the credit card was a violation of 15 U.S.C. § 1692g(a)(2). *Leonard*, 2017 WL 4979160, at *1. After the district court dismissed the claim, the Eleventh Circuit affirmed, explaining that there was nothing misleading about saying "American Express" instead of the full legal name:

> Here, the district court properly dismissed Leonard's § 1692g claim under Rule 12(b)(6). Zwicker clearly identified 'American Express' as the name of the creditor. Its use of 'American Express' instead of the full business name 'American Express Centurion Bank' or 'American Express Receivables Financing Corporation III, LLC,' provides accurate information to the consumer about the creditor's identity. 'American Express' is the name under which the financial-services company usually transacts business, and the

> company is commonly referred to by that name. That identification was not technically 'false,' any more than a commonly used nickname could be considered a 'false' identification of a person. Allowing Leonard's § 1692g claim to go forward in these circumstances would be to adopt the hyper-technical construction of the statute that we rejected above. Accordingly, Leonard failed to state a claim under § 1692g.

*Id.* at *4.

Here, the Collection Letter would not mislead or deceive the least-sophisticated consumer. Plaintiff relies upon conclusory statements that the Collection Letter violates the FDCPA and includes string cite of irrelevant legal authority. (*See* Class Action Compl., at ¶¶ 31-33). The Collection Letter, however, explicitly references "Public Storage" twice, including the account number, and in the first sentence states that "***[w]e are a debt collection company and <u>Public Storage</u> has contracted with us to collect the debt noted above***." (Class Action Compl., Ex. A) (emphasis added). The one-page Collection Letter is unambiguous, and tracks the statutory requirements under the FDCPA such that the least-sophisticated consumer would not be misled as to the identity of the creditor. *See id; see also Delfonce v. Eltman Law, P. C.,* No. 16CN6627 AMDLB, 2017 WL 639249, at *5 (E.D.N.Y. Feb. 16, 2017) ("Relatively innocuous letters that correctly inform consumers of their potential liability and are not misleading, deceptive, or abusive of the debt collector's superior economic position do not violate the FDCPA"); *Demonte v. Client Services, Inc.*, No. 14-cv-14511, 2015 WL 12556159, at *1, 3 (S.D. Fla. July 30, 2015) (dismissing § 1692g claim that provides the name of creditor, account number and balance due). Instead of explaining through factual allegations how Plaintiff would be misled, the Complaint relies on

pages of irrelevant and incomprehensible legal conclusions that must be dismissed with prejudice.[1]

Lastly, Plaintiff's allegations are frivolous and any amendment of the Class Action Complaint would be futile such that the dismissal should be with prejudice. *See* Fed. R. Civ. P. 15(a)(2); *Patel v. Georgia Dept. BHDD*, 485 F. App'x 982 (11th Cir. 2012) (finding that a court need not grant leave to amend where any such amendment would be futile).

### B. Alternatively, the Court Should Compel Arbitration Based Upon the Rental Agreement with Public Storage.

Plaintiff signed the Agreement with Public Storage and thereby agreed to submit to arbitration and to waive involvement with a class action. *See* Ex. 1.[2] The Agreement includes the following provisions:

- Paragraph 17: "This Rental Agreement is subject to the laws of the State of Florida and is subject to the **DISPUTE RESOLUTION BY BINDING ARBITRATION; CLASS ACTION WAIVER provision in paragraph 18.**"

---

[1] Plaintiff's allegations are, at best, disingenuous given that his original Complaint acknowledged that he was aware of the identity of the creditor: "[T]he Consumer Debt represents an allegedly outstanding amount Plaintiff owed the original creditor, Public Storage . . ."; *see also* "On July 20, 2017, Plaintiff received a letter from Public Storage stating that the amount due by Plaintiff was allegedly $136.87;"*see also* ". . . [Allied] began attempting [sic] collect the Consumer Debts from Plaintiff;"; *see also* "[Allied] violated §1692f(1) of the FDCPA by attempting to collect an amount from Plaintiff, to wit, $70.89 (the difference between the amount demanded by Public Storage and of that demanded by [Allied] in the Collection Letter) . . . ." (*See* Dkt. 1, at ¶¶ 21, 25-27, 58). Plaintiff cannot now claim, in good faith, that the Collection Letter fails to (1) "sufficiently advise[] of name of the creditor to whom the Consumer Debt is owed, in that, the Collection Letter fails to identify any entity as being the 'creditor,'" and (2) "clearly identify any entity as the creditor of the debt." (Compl., at ¶¶ 31-32). *See Fernandez v. School Board of Miami-Dade County*, 201 F. Supp. 3d 1353, 1361 n.1 (S.D. Fla. 2016) ("where plaintiffs have manipulated the allegations in their pleadings in order to avoid a dispositive defense," court finds that amended complaint is contradicted by prior complaint).

[2] A court may consult documents that are attached to the motion to dismiss under the "incorporation by reference' doctrine" such that an attached document to a motion to dismiss may be considered without converting the motion into a motion for summary judgment if the document is central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (internal citations omitted).

- Paragraph 18.2: "Both you and Public Storage will arbitrate any and all disputes or claims in any way relating to the relationship between you and us, including claims that arose before the signing of this or any prior lease or rental agreement and the attached addendum . . . ."

- Paragraph 18.3: "The arbitration will be governed and administered by the American Arbitration Association Consumer Arbitration Rules, as modified by this Rental Agreement . . . ."

- Paragraph 18.4: ". . . Any other claims, however, such as claims for violations of the self-storage lien laws, derivative claims (including but not limited to claims under state consumer protection statutes) . . . or other violations of state or federal law, must be brought in arbitration."

- Paragraph 18.5: "**Both parties are giving up the right to a jury trial. Each may bring claims against the other only in its individual capacity and not as a plaintiff or class member in any purported class action lawsuit or representative proceeding, consolidated action, or private general action. . . .**"

Ex. 1 (emphasis in original).

While Allied is not a party to the Agreement, it is well established that a nonparty may invoke an arbitration clause that is sufficiently broad and where, as here, the face of claims are derived from the underlying agreement. *See Triple III Intern. Inv., Inc. v. Fielding*, 290 F. App'x 229, 232 (11th Cir. 2008) ("[A]n arbitration clause in a note was 'sufficiently broad to allow non-signatories to invoke the clause where, as here, they face claims derived from the Note.' And for the proposition that where a signatory's claims against a non-signatory 'depend on a contract containing an arbitration clause,' the signatory must arbitrate with the non-signatory.").

Traditional principles of state contract law govern whether a nonparty may enforce an arbitration clause. *Great Lakes Reinsurance (UK) PLC v. Sunset Harbour Marina, Inc.*, No. 10-24469-CIV, 2012 WL 6195149, at *4 (S.D. Fla. Dec. 12, 2012) ("[T]raditional principles of state law may allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, wavier and estoppel."). Because Florida law governs the Rental Agreement, Florida courts recognizes the doctrine of equitable estoppel under which its "estop[s] a *signatory* from avoiding arbitration with a nonsignatory when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Marcus v. Florida Bagels, LLC*, 112 So. 3d 631, 633 (Fla. 4th DCA 2013) (citing *Thomson–CSF, S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 779 (2d Cir.1995) (emphasis in original).

In *Bolanos v. First Inv'rs Servicing Corp.*, No. 10-23365-CIV, 2010 WL 4457347, at *1 (S.D. Fla. Oct. 29, 2010), the plaintiff argued that defendant could not invoke an arbitration clause arising out of the FCCPA and FDCPA claims because it was not the signatory to the original purchase agreement. The *Bolonas* court rejected that argument because (1) "it is well-settled that a nonparty can enforce an arbitration agreement if the language of the agreement is broad enough to permit the nonparty to invoke it," and (2) "[the plaintiff] could not even maintain this action without reference to the financing contract because the contract is necessary to show that [the plaintiff] is a 'consumer' and that the underlying 'debt' exists-two prerequisites to filing suit under the FDCPA and FCCPA." *Id.* at *1.

Similarly, here, Plaintiff cannot avoid arbitration simply because Allied is not a signatory to the Agreement. The Collection Letter is inextricably intertwined with the Agreement after Plaintiff's failed to make his monthly payment to Public Storage. *See Florida Bagels*, 112 So. 3d 631 at 633. After entering into the Rental Agreement, Plaintiff received a past due notice from Public Storage. Public Storage in turn assigned the account to Allied for collection, whereupon it sent the Collection Letter to Plaintiff. (*See* Dkt. 1, ¶¶ 25-27). Moreover, Plaintiff cannot maintain this action without relying on and referencing the Agreement to establish is a "consumer debt" as a necessary element to a FDCPA claim. *See Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1307 (S.D. Fla. 2016) (dismissing FDCPA claim where there was no consumer agreement in evidence); *see also LeBlanc*, 601 F.3d at 1193; *Bolanos*, 2010 WL 4457347 at *1. Plaintiff agreed to arbitrate any disputes arising out of the Agreement including disputed debts and consumer protection claims, and waived any right to jury or proceed under a class action setting, and the Court must enforce these terms and compel arbitration. *See Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1236 (11th Cir. 2012) (affirming dismissal where consumer contract contained arbitration and class action waiver clauses).[3]

---

[3] Though the title of the Class Action Complaint mentions "Injunctive Relief" (Dkt. 11), the body of the complaint does not contain allegations seeking injunctive relief. In any event, "the FDCPA does not authorize injunctive relief to private litigants." *Brown v. Kopolow, P.C.*, No. 10-80593-CIV, 2011 WL 283253, at *2 (S.D. Fla. Jan. 25, 2011), citing *Sibley v. Fulton Dekalb Collection Service*, 677 F.2d 830, 834 (11th Cir. 1982).

## **CONCLUSION**

WHEREFORE, Defendant Allied Interstate LLC respectfully requests that this Court enter an Order dismissing the Class Action Complaint, with prejudice, or, alternatively, compelling arbitration and striking the class action request and jury demand, and granting such further relief as is just and proper.

Dated:  December 26, 2017                                   Respectfully submitted,

/s/ *Patrick G. Broderick*
Patrick G. Broderick (FBN 0088568)
Email: broderickp@gtlawi.com
GREENBERG TRAURIG, PA
777 S. Flagler Drive, Suite 300 East
West Palm Beach, Florida 33401
Telephone: (561) 650-7915
Facsimile:  (561) 655-6222

-and-

John A. Wirthlin (FBN 0085587)
Email: wirthlinj@gtlaw.com
GREENBERG TRAURIG, PA
625 E. Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Counsel for Allied Interstate LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2017, a true and correct copy of the foregoing Notice of Appearance was served via CM/ECF to all parties participating in CM/ECF Electronic Noticing.

/s/ *Patrick G. Broderick*